BOUTALL, Judge.
This is a suit by Sun Finance Company against Rev. George Briscoe on a retail installment contract entered into in connection with a purchase of an automobile by Briscoe. Plaintiff sought recovery for $1,735.03 with interest at the rate of 28.4% per year from October 21, 1977, until paid plus 25% of the principal and interest as attorney’s fees. In a reconventional demand Briscoe claimed damages for the loss of the automobile based on plaintiff’s failure to insure the vehicle and damages for embarrassment and humiliation resulting from plaintiff’s having reported defendant to the credit bureau. The trial court awarded plaintiff a judgment on the main demand for the principal amount of its claim with legal interest from date of judicial demand until paid, and attorney’s fees of 25% on the principal amount of the claim only. On the reconventional demand the trial court awarded defendant $2,542.80 for loss of his vehicle, $150 for towing charges and $1,000 for embarrassment and humiliation over the loss of his credit standing. From this judgment Sun Finance Co. has appealed. Briscoe has neither appealed nor answered the appeal.
Issues on this appeal are plaintiff’s entitlement on the main demand to an amount of interest in excess of the legal rate from dare of judicial demand and attorney’s fees of 25% on the principal and interest rather than on the principal alone. On the reconventional demand the issues are whether the record supports the trial judge’s conclusion that plaintiff and its manager violated a duty as defendant’s agent in failing to procure automobile insurance, and, if so, is the amount of damages awarded to defendant under his recon-ventional demand supported by the record.
On November 9, 1976 defendant purchased a 1972 Toyota automobile for $1695, plus $105.75 for taxes and licenses for a total of $1800.75. He paid $400 in cash and financed the balance with plaintiff. In connection with the financing plaintiff arranged for credit life insurance, disability insurance and automobile insurance, the premiums for which were included in the amount to be financed by plaintiff. The transaction was made pursuant to the Motor Vehicle Sales Finance Act, LSA R.S. 6:951 et seq. and the retail installment contract signed by defendant, included all of the above sums together with a finance charge of $632.58. The principal amount of $2542.80 was to be paid out over a 24 month period in 23 installments of $106, and the last installment of $104.80, with the first payment due on December 17, 1976.
Shortly after the automobile’s purchase defendant’s son, while driving it, had an accident with resulting damage in the amount of $1122. The insurance company paid for the repair, less deductible, and on December 30, 1976 issued an endorsement increasing the premium on the insurance *557 policy by $227. This was based on a change in the driver classification from “Single male operator under age 25, not owner or principal operator” to “Single male under age 19; who is owner or principal operator”. The policy was cancelled for non-payment of the additional premium and on April 11, 1977 the automobile, then uninsured, was damaged beyond its value in a second accident.
The primary issue before the court is whether a legal relationship existed between Sun Finance Company, through its employee, and Briscoe which would require Sun Finance Company to act in good faith in securing insurance coverage and whether Sun Finance is responsible in damages for failing to place the insurance coverage or notify Briscoe that it was unable to do so. Sun Finance introduced evidence to the effect that after the cancellation of the original insurance policy, it notified the Briscoes of the fact of cancellation and the necessity for payment of the higher premium in order to reinstate the policy. Briscoe refused to pay the higher premium, and was supposed to secure his own insurance coverage. Opposed to this evidence, Briscoe introduced evidence to the effect that although he was notified of the cancellation of the policy, he was assured by Sun’s employee that Sun would obtain a replacement policy and that assurance coupled with any lack of communication from Sun that the policy had not been obtained, led them to rely upon Sun’s placement of insurance.
The trial judge in assessing the credibility of the witnesses whose testimony was in conflict found that it was not impressed with the testimony of Mr. Armstrong, the employee of Sun Finance, and that Sun Finance had obligated itself to perform the acquisition of additional insurance for Briscoe, and failed to do so without explanation. In the determination of credibility of opposing witnesses, the trial judge has great discretion and his conclusions should not be disturbed absent manifest error. We find no manifest error in the judge’s conclusion, and indeed the surrounding circumstances would tend to support the judge’s determination. We refer to the fact that after the refund check for the cancellation was received by Sun, it was kept by them until after the April 11th accident was reported, and finally credited to Briscoe’s account on April 22nd. Additionally during the time in question, Briscoe continued to pay his usual monthly payment, and made a payment on April 27th as regularly scheduled. It was not until after that payment that Briscoe was informed that no insurance coverage had been obtained and he refused to make any more payments on the account. We agree with the conclusion of the trial judge that under the facts of this case, Sun Finance had obligated itself to acquire the additional insurance and is responsible for loss occasioned by the lack of coverage.
However, we do not agree with the assessment of damages made by the trial judge. The trial judge placed the loss of said vehicle at the sum of $2,542.80, which corresponds to the total amount of the promissory note. Although there is no evidence fixing precisely the value of the vehicle at the time of the loss, we refer to the purchase price of the vehicle showing a total cash delivered price of $1800.75, which includes the price of the car, plus sales tax and license fees. Considering that the vehicle had depreciated somewhat in the several months of use, we conclude that a fair value would be the original cash sales price, $1695.
The next item of damages awarded was the sum of $150 for towing charges. The policy afforded to plaintiff in reconvention showed a maximum limitation of $25 for towing charges. Considering that the obligation was to furnish a similar policy, we hold that only the sum of $25 in towing charges is recoverable.
 The last item of damages on the reconventional demand is the award of $1000 for embarrassment and humiliation for having affected the credit status of Briscoe. On this issue there was evidence presented that Briscoe had been refused credit on several occasions as a result of Sun Finance’s activity. There is no evi *558 dence of any monetary loss and presumably the judge fixed damages under the general damage provisions of Louisiana Civil Code Article 1934(3). Under that article the trial judge is granted great discretion in assessing damages, and we cannot say that he has erred. Accordingly, we would reduce the amount awarded Briscoe on his reconven-tional demand to the total of $2720.
Passing now to a consideration of the issues raised by appellant on his original demand, we find ourselves limited in consideration because the appellee has neither appealed nor answered the appeal. There is no serious quarrel that the note is past due and owing, but we find that Sun Finance Company quite plainly violated the Motor Vehicle Sales Finance Company’s law by charging a usurious interest contrary to the maximum finance charge limitations in R.S. 6:957. The vehicle was a used motor vehicle falling in class 3 and the maximum finance charge is an amount equivalent to 214% per month simple interest on the declining balance. The promissory note provided for an interest percentage rate of 28.40 percent, and on this appeal Sun seeks to have us to enforce that figure as the interest due rather than the legal interest set by the trial judge. In argument, we are referred to a chart utilized by Sun in an effort to show that it did in fact make a mistake in the placement of the 28.40% figure and actually charged less interest than the maximum. We consider that chart only as argument and point out that either the appellant is wrongfully using the chart or it is adding additional charges not countenanced under the statute.
One of the penalties for violation of R.S. 6:957 is that the appellant “shall be barred from recovery of any finance charge, delinquency or collection charge on the contract.” We note that because Bris-coe has made a number of payments, and that his unearned interest rebate was computed in accordance with R.S. 6:958, that the $1705.03 awarded contains an amount of finance charge which would be barred under § 960(B). Similarly, we would consider the award of 25% attorney’s fees to be also barred as coming within a delinquency of collection charge on the contract.
We have considered reducing plaintiff’s judgment under the provisions of Code of Civil Procedure Article 2164, which provides that we may render any judgment which is just, legal and proper upon the record on appeal. Had the defendant-ap-pellee raised the issue of the statutory violation either in his answer and reconven-tional demand or on appeal or answer to the appeal in this court, we would feel compelled to do so. However, not having been pleaded, we do not consider it permissible to reduce the judgment, but we of course will certainly not increase it as appellant requested. Accordingly, that portion of the judgment is affirmed.
For the reasons hereinabove stated the judgment in favor of plaintiff Sun Finance Company, Inc. on its main demand is affirmed, and the judgment in favor of George Briscoe on his reconventional demand is amended and reduced to the sum of $2720,. and as thus amended is affirmed. Appellant shall pay all costs of this appeal.

AMENDED AND AFFIRMED.

SCHOTT, J., dissents in part.