429 So.2d 454 (1983)
E. LIONEL PAVLO ENGINEERING CO.
v.
STATE of Louisiana, Through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, et al. (Two cases)
Nos. 15034, 82 CA 0310.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Rehearing Denied April 21, 1983.
*455 Ralph L. Kaskell, Jr., New Orleans, for plaintiff-appellant E. Lionel Pavlo Engineering Co.
J. Huntington Odom, John L. Dardenne, Jr., Baton Rouge, Jack Horner, York, Pa., for defendant-appellee Buchart-Horn, Inc.
William J. Doran, Jr., Sp. Asst. to Gen. Counsel State of Louisiana, Dept. of Transportation & Dev., Baton Rouge, for defendants-appellees State of Louisiana, Through the Dept. of Transp. & Development, Jack R. Reid, and Paul J. Hardy.
Before WATKINS, SHORTESS and CARTER, JJ.
WATKINS, Judge.
These are consolidated appeals from the sustaining of exceptions of no cause of action filed by defendant, Department of Transportation and Development (DOTD), State of Louisiana, and by defendant, Buchart-Horn, Inc., a Pennsylvania corporation, in a suit brought by E. Lionel Pavlo Engineering Co., a New Jersey corporation. Also, in No. 82 CA 0310, an exception of mootness filed jointly by the DOTD and Buchart-Horn was sustained. We affirm in part and reverse in part.
The case arises from the awarding to Pavlo of a contract for the performance of engineering services in the construction of the Mississippi River Gulf Outlet Bridge Project undertaken as State Project No. 700-05-58, the subsequent attempted termination of that contract, and the awarding by the DOTD of a contract for the identical project to Buchart-Horn.
Pavlo seeks basically an injunction requiring the DOTD to cancel its contract with Buchart-Horn and to award the contract to Pavlo, a declaratory judgment finding the awarding of the contract to Buchart-Horn and the termination of the contract to Pavlo constituted a denial of due process of law, equal protection of the laws, and an impairment of the obligation of contract, in violation of state and federal constitutional protection, and (in No. 82 CA 0310) administrative review of the termination of the contract.
Pavlo was awarded the contract for the Mississippi River Gulf Outlet Project on December 15, 1966. The completion of the contract work was delayed for years by environmental suits and other matters. Finally, the DOTD addressed to Pavlo the letter dated May 21, 1973, and annexed hereto as Exhibit "A". In response, Pavlo addressed the letter dated May 24, 1973, annexed hereto as Exhibit "B" to the DOTD.
*456 Pavlo continued to perform work on the original contract, and entered into negotiations with the DOTD to award a new contract to itself, Pavlo. Finally, the DOTD broke off negotiations, stated the original contract was terminated and, subsequently, awarded the contract to Buchart-Horn.
In seeking a declaratory judgment that the actions of the DOTD impaired the obligation of contract, Pavlo necessarily contends that the DOTD breached its contract with Pavlo. Pavlo agreed to a termination of its contract with the DOTD solely on the condition that it be awarded a new contract for the same project, if the allegations of Pavlo's petitions are correct. The DOTD also by letter agreed upon the conditioning of the termination of the original contract upon the clear understanding the new contract would be awarded to Pavlo. It appears sufficient allegation is made by petition and annexed exhibits that the DOTD failed to keep its commitment.
In disposing of an exception of no cause of action, all well pleaded allegations of plaintiff's petition must be accepted as true. McCoy v. Tangipahoa Parish School Board, 308 So.2d 382 (La.App. 1st Cir.1975), writ refused 310 So.2d 856 (1975).
If the allegations of Pavlo's petitions are true, to which the letters annexed hereto as Exhibits "A" and "B" were attached, and the DOTD can offer no satisfactory defense, Pavlo is entitled to a declaratory judgment that the DOTD breached its contract with Pavlo. Clearly Pavlo has asserted a cause of action which, if proved, would result in the rendering of a declaratory judgment that the DOTD was guilty of breach of contract.
If one portion of a petition asserts a cause of action, none of the other causes of action may be dismissed on an exception of no cause of action. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975). Here Pavlo, has asserted one cause of action that if established by competent evidence on a trial on the merits would result in a judgment favorable to Pavlo. Thus, Pavlo has asserted at least one cause of action that under Hero would require the overruling of the exception of no cause of action filed by the DOTD. We make no determination on whether or not Pavlo's other causes of action asserted against the DOTD have any merit.
The basis given by Pavlo for naming Buchart-Horn a party defendant is that the contract between Buchart-Horn and the DOTD should be declared invalid, or cancelled, or both. We know of only two possible theories for setting aside the contract of the DOTD with Buchart-Horn, which we must assume to be an innocent third party, as no allegation of collusion has been made. These two possible theories are (1) that the contract may be set aside under the holding in Haughton Elevator Division v. State of Louisiana, 367 So.2d 1161 (La.1979), and (2) that the contract with Buchart-Horn was not confected in conformity with the requirements of LSA-R.S. 38:2310 et seq. However, Haughton applies only to public bid contracts, not to contracts for professional services. A contract for professional services, such as engineering services, is not subject to the public bid laws. Lafourche Parish Water District v. Carl Heck Engrs., 346 So.2d 769 (La.App. 1st Cir.1977), writ refused 349 So.2d 873 (1977). Thus, Haughton is inapplicable. LSA-R.S. 38:2310 et seq., which provides for Architects, Engineers, and Landscape Architects Selection Boards, does not apply to construction of bridges, but rather to "buildings, plants, and related facilities". See R.S. 38:2310(1). Thus, there was no requirement that Buchart-Horn be selected by the Engineers Selection Board, or that the availability of the work be advertised as provided in LSA-R.S. 38:2312. As we know of no other authority under which Buchart-Horn could be denied its contract, which it has performed partially, apparently in good faith, and as we are cited to no other authority, we conclude that no cause of action is asserted by Pavlo against Buchart-Horn, and we therefore find that the trial court was correct in sustaining the exception of no cause of action filed by Buchart-Horn.
*457 As No. 82 CA 0310 has been consolidated with No. 15,034 for purposes of appeal and disposition (the suits involving common issues of law and fact, see LSA-C. C.P. art. 1561), and as Pavlo has asserted a cause of action the DOTD in No. 15,034, we do not rule upon the question of whether or not Pavlo has likewise asserted a cause of action in No. 82 CA 0310, and under the reasoning used in Hero overrule the DOTD's exception of no cause of action in that case.
As to the exception of mootness that was sustained in No. 82 CA 0310, we have held in a decision dated October 21, 1982, given by this court that the issues presented in No. 15,034 are not moot. The exception of mootness in No. 82 CA 0310 was founded upon basically the same facts. We therefore find the exception of mootness in No. 82 CA 0310 was improperly sustained.
Accordingly, the exceptions of no cause of action and mootness filed by the DOTD are overruled. The exception of mootness filed by Buchart-Horn is overruled, and the judgment maintaining the exception of no cause of action filed by Buchart-Horn is affirmed. The consolidated cases are remanded for further proceedings, all costs to be paid by the DOTD in No. 82 CA 0310 and costs to be paid equally by the DOTD and Pavlo in No. 15,034.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 EXHIBIT "A"
 041481 0247
 STATE OF LOUISIANA
 DEPARTMENT OF HIGHWAYS
 P.O. BOX 44245, CAPITOL STATION
 BATON ROUGE, LA. 70804
Reply please refer to
 FILE NO.
 May 21, 1973
STATE PROJECT NO. 700-05-58
FEDERAL AID PROJECT NO. I-UI-410-5(110)261
PARIS ROAD (GULF OUTLET BRIDGE TO I-10)
ROUTE I-410
ORLEANS PARISH 
E. Lionel Pavlo Engineering Co.
62 Fifth Avenue
New York, N.Y. 10019
Gentlemen:
With reference to your letter of March 27, 1973, to Mr. Marshall W. Wroten, Assistant General Counsel, we wish to advise you that it is our opinion that the proper procedure relative to the preparation of final plans for the captioned project is to have the present contract cancelled upon conclusion of the preliminary plan preparation phase and to negotiate a new contract when we are in a position to proceed with authorizing you with final plan preparation ... the new contract to be negotiated on then current rates. (See Mr. Wroten's letter to me of May 18, 1973, and mine to Mr. Wroten of May 14, 1973, and April 16, 1973, all enclosed herewith).
If you are agreeable to this course of action, please so advise and we will seek the Federal Highway Administration's concurrence.
 Sincerely yours,
 s/ F.M. Heroy, Jr.
 Frank M. Heroy, Jr., P.E.
 Assistant Chief Location
 & Design Engineer
FMH,jr/cs
*458
Enclosures Mr. D.D. White
Cc: Mr. J.L. Wax
Mr. S.L. Poleynard Mr. D.W. Toler
Mr. A.B. Ratcliff, Jr. Mr. D.S. Huval
Mr. W.A. Patrick Mr. Marshall W. Wroten
Mr. Jack R. Reid
 EXHIBIT "B"
 041481 0248
 E. LIONEL PAVLO ENGINEERING CO.
 62 FIFTH AVENUE
 NEW YORK, N. Y. 10011
 (212)989-7100
 DESIGN PUBLIC WORKS
 CONSTRUCTION BRIDGES, MARINE STRUCTURES
 SPECIAL STUDIES May 24, 1973 AIRPORTS, HIGHWAYS, TUNNELS
 REPORTS INDUSTRIAL CONSTRUCTION
 Our Ref. 470
Mr. Frank M. Heroy, Jr., P.E.
Assistant Chief Location and
 Design Engineer
State of Louisiana
Department of Highways
P. O. Box 44245, Capitol Station
Baton Rouge, Louisiana 70804
 Re: State Project No. 700-05-58
 Federal Aid Project No. I-UI-410-5(110)261
 Paris Road (Gulf Outlet Bridge to I-10)
 Route I-410
 Orleans Parish
Dear Mr. Heroy:
Thank you for your letter of May 21, 1973 indicating the Department's recommended procedure of resolving the inequity of performing future final plans pursuant to the lump sum fee established in the Agreement of December 15, 1966.
The suggested cancellation of the 1966 Contract and negotiation of a new contract when the Department is in a position to authorize us to proceed with the final plan preparation is an equitable procedure and we are, of course, agreeable to this course of action.
 Very truly yours,
 E. LIONEL PAVLO
 ENGINEERING CO.
 E.L. Pavlo
 President
ELP:SO