430 So.2d 237 (1983)
Frank BURAS
v.
BOARD OF TRUSTEES OF the POLICE PENSION FUND OF the CITY OF NEW ORLEANS.
No. CA 0370.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1983.
Ashley & Welcker, Ronald A. Welcker, New Orleans, for plaintiff-appellant.
Richard A. Dowling, New Orleans, for defendant-appellee.
*238 Before AUGUSTINE, BYRNES and WILLIAMS, JJ.
BYRNES, Judge.
By this appeal Frank Buras, appellant, seeks reversal of a ruling by the Board of Trustees of the New Orleans Police Pension Fund (hereinafter the Board), denying him benefits for total permanent disability. Upon denial of benefits, appellant sought judicial review of the Board's decision in the District Court pursuant to R.S. 49:964, alleging that his hearing was not held in compliance with the Administrative Procedure Act, La.R.S. 49:950 et seq., (hereinafter the Act).
The district court affirmed the Board's action, finding that the proceedings had been conducted in compliance with the Act. Buras now appeals that decision to this court under R.S. 49:965, contending that he did not receive adequate notice of the hearing on his disability claim, that he was not given an opportunity to review certain employment records used in making the disability determination, and that the hearing was not conducted in compliance with the requirements of the Act.
We begin by noting that the transcript of the October 28, 1980 meeting of the Board clearly reflects that counsel for the appellant was allowed to inspect the employment records in question. Moreover, he was given ten days in which to inspect these records and submit any rebuttal evidence he felt necessary. Given these facts we cannot say that appellant was denied an opportunity to review the records.
We also dismiss appellant's contention that he did not receive adequate notice of the hearings. The requirement of notice in an administrative proceeding is not as strict or exacting as that in a judicial proceeding. The notice given must be reasonable under the circumstances of the particular case, and serves the primary function of allowing the plaintiff an opportunity to prepare for the hearing. Tafaro's Investment Co. v. Division of Housing Improvement, 261 La. 183, 259 So.2d 57 (La.1971) White v. Louisiana Public Service Commission, 259 La. 363, 250 So.2d 368 (La.1971). In many instances, where the record establishes that a full and fair hearing was conducted after reasonable notice and an opportunity to prepare, inadequacies in pleading or notice may be cured. White, supra, 250 So.2d at 373[5].
In this case, although the actual notice is not part of the record, the transcript as a whole reveals that appellant and his counsel were fully apprised of the time, place and subject matter of all hearings well in advance of the time they were held. While we cannot tell if the notice actually given was in strict compliance with the letter of the Act we conclude from the record that it was reasonable and afforded the appellant a sufficient opportunity to prepare his case to satisfy due process.
Appellant also complains that he was denied his right to cross examine Lieutenant Ramier, Secretary of the Board. However, the record reveals that it was counsel for appellant who called the Lieutenant as a witness. Counsel for the board did not question the Lieutenant. Under the circumstances, we fail to see where appellant's right to cross examine a witness has been denied.
Looking now to the merits of the case we find the record provides abundant support for the Board's conclusion that appellant was not totally and permanently disabled. In the written reasons, for its decision the Board, made a specific finding of fact that the work record of appellant from the Hilton Hotel showed him "physically capable and able on Feb. 2, 1978Oct. 14, 1979 to do police work." Moreover, the Board noted that appellant had listed no disability whatsoever on his application for employment as a security officer at the Hilton and the job which he took at the Hilton involved more physical activity than the clerical job which the police department had offered him and which he had rejected.
We agree with the district judge that the Board's decision was correct and reached in substantial compliance with the Administrative *239 Procedures Act. The judgment is therefore affirmed.
All costs of this appeal are to be borne by appellant.
AFFIRMED.