GUIDRY, Judge.
Plaintiffs appeal a judgment of the district court affirming action by the Lafayette City/Parish Wrecker Committee (hereafter the Committee) revoking their respective franchises to engage in the towing business. We affirm.
On September 24, 1986, at a hearing conducted by the Committee, appellants, Tracy Simon, d/b/a Mr. T’s Towing, and Scott Simon, d/b/a T.P.’s Wrecker Service, were cited for numerous violations of City/Parish ordinances relating to the towing of vehicles. Both parties were found guilty of the violations with which they were charged. Pursuant to these findings and in accordance with the Code of Ordinances of the City/Parish of Lafayette, plaintiffs’ towing franchises were revoked. Plaintiffs then filed suit in the district court seeking review of the Committee’s decision by way of a trial de novo. The district court denied appellants a trial de novo and reviewed only the record. Finding the record complete and the evidence sufficient to support the Committee’s decision, the district court affirmed the action taken by the Committee.
On appeal to this court, plaintiffs urge the following as error:
1. The district court erred in refusing to grant plaintiffs’ request for a trial de novo.
2. The notice issued by the Committee to plaintiffs was invalid as it failed to specify, with particularity, the code violations with which plaintiffs were charged.
3. The sections of the Code of Ordinances of the City/Parish of Lafayette under which plaintiffs’ licenses were revoked are invalid in as much as the penalty provisions of said articles exceed the penalties provided by La.R.S. 45:180.1 §§ E and F.
TRIAL DE NOVO
Section 24-109(b) of the Code of Ordinances of the City of Lafayette, and the corresponding section of the Code of Ordinances of the Parish of Lafayette, provides as follows:
“Any franchisee aggrieved by such decision or action of the Committee shall be entitled to an appeal directly to the Fifteenth Judicial District Court within fifteen (15) days therefrom. If no appeal is made to the Fifteenth Judicial District Court from the decision of the Committee within fifteen (15) days, the decision of the Committee shall become final.” (Emphasis ours).
*285 Appellants in this case argue that they are entitled to a trial de novo. We disagree. The law applicable to the remedy available to the appellants is clear in defining that the remedy is by appeal, not a trial de novo. The language in the applicable ordinances, i.e., “appeal” can only be interpreted as a review. The governing ordinances do not provide the appellants with the right to a trial de novo at the district court level. We have been cited no authority and know of none which would support appellant’s entitlement to a trial de novo. The most analogous body of law is that which governs appeals from actions of state agencies, i.e., the Administrative Procedure Act. Numerous cases brought under that Act have clearly defined the nature and scope of judicial review as a review of the record as established by the agency, and not as a trial de novo. See La.R.S. 49:964(A); Delta Bank & Trust Company v. Lassiter, 383 So.2d 330 (La.1980), and Buras v. Board of Trustees of Police Pension Fund of City of New Orleans, 367 So.2d 849 (La.1979).
We find no error on the part of the trial court in denying plaintiffs a trial de novo in the district court.
NOTICE
Plaintiffs-appellants next argue that they received insufficient notice of the violations with which they were charged such that their rights of due process were violated.
Plaintiffs were notified by certified mail dated September 4, 1986, to appear before the Committee on September 24, 1986 to answer the following charges:
“To: T.P.’s Wrecker Service:
(1) Unusual towing of cars from a lot at the comer of Jefferson and Taft and the storing of cars in an unapproved lot.
(2) Failure to respond within the required amount of time to a call.
To: Mr. T’s Wrecker Service:
(1) Unusual towing of cars from a lot at the comer of Jefferson and Taft and the storing of cars in an unapproved lot.
(2) Using an unapproved wrecker at a call on August 5, 1986, at U.S. 90 and Galbert Rd.”
The record of the hearing indicates that the Committee revoked appellants’ licenses after finding multiple violations by defendants of the City/Parish ordinances prohibiting the towing to and storage of vehicles on an unapproved lot.
It is well settled that the notice required antecedent to an administrative hearing is neither as strict nor as exacting as the notice required in judicial proceedings. Rather the notice given must be reasonable under the particular circumstances of the case. The purpose of the required notice is to enable the party a reasonable opportunity to prepare for the hearing. In order to fulfill its purpose, the notice should include the time, place and nature of the hearing and minimumly, a statement of the issues involved. Lambert v. Louisiana Board of Veterinary Medicine, 489 So.2d 1341 (La.App. 1st Cir.1986), Stay Order denied, writ denied, 491 So.2d 18 (La.1986); Buras v. Board of Trustees of the Police Pension Fund of the City of New Orleans, 430 So.2d 237 (La.App. 4th Cir.1983); and, Tafaro’s Investment Co., Inc. v. Division of Housing Improvement, 261 La. 183, 259 So.2d 57 (1972). We agree with the learned trial judge who found “the appellants were properly notified of the date of the hearing [and] the alleged violations ... ”.
VALIDITY OF THE CITY/PARISH ORDINANCES PENALTY PROVISIONS
Finally, appellants aver that the revocation of their licenses under the Code of Ordinances was invalid as that action exceeded the maximum penalties prescribed by La.R.S. 45:180.1 §§ E and F. Those sections, which read as follows:
“E. In addition to any other penalties imposed by this Chapter; no person shall violate any of the provisions of this section or any of the rules, regulations, orders or decrees of the commission promulgated pursuant to this section, or *286 engage in the business of the operation and use of wreckers and towing services without first having obtained a certificate of public necessity and convenience from the commission. Whoever violates the provisions of this section shall be fined, by the commission at open hearing not less than one hundred dollars nor more than one thousand dollars for each violation.
F. Municipalities and parishes may, by ordinance, regulate, control, supervise and govern the business of operation and use of wreckers and towing devices in the manner provided under this section until such time as the public service commission shall pass uniform regulations applicable thoughout the state; provided that the authority herein granted to parishes shall not extend to such businesses within the corporate limits within any municipality lying within the parish. The penalty for violation of such ordinances shall be no more severe than those contained in Subsection (E) of this section.” (Emphasis ours) are found in Chapter 4, Title 45, of the Louisiana Revised Statutes entitled Public Utilities and Carriers. La.R.S. 45:166, which is found in that same Title and Chapter, states in pertinent part:
“A. Any certificate or permit may, ... be amended, suspended or revoked in whole or in part after notice and hearing for failure to comply ... with any lawful order, rule or regulation of the commission promulgated pursuant thereto, or with any term, condition or limitation of the certificate or permit.”
Appellants’ argument overlooks the first phrase in § E of R.S. 45:180.1, i.e., “[i]n addition to any other penalties imposed by this Chapter ...”. It is well settled that each particular statutory provision should be construed along with the remainder of the statute. The meaning of a statute is to be interpreted by looking to all the sections taken together so that no section, clause, sentence or word becomes superflous or meaningless. Terrebonne Bank and Trust Company v. Lacombe, 464 So.2d 753 (La.App. 1st Cir.1984), appeal after remand, 510 So.2d 78 (La.App. 1st Cir.1987); Juneau v. Avoyelles Pansh Police Jury, 482 So.2d 1022 (La.App. 3rd Cir.1986). Thus, the action taken by the Committee was in compliance with the provisions of Chapter 4 of Title 45 of the Louisiana Revised Statutes.
For the reasons stated, we affirm the judgment of the district court. All costs of this appeal are to be borne by appellants.
AFFIRMED.