ARMSTRONG, Judge.
Jeffrey Colson, the appellee, is a jockey licensed in the State of Louisiana. The Louisiana State Racing Commission (“Commission”), the administrative body charged with oversight of horse racing in this state, suspended Colson’s license for 15 years, effective December 13, 1990. Colson had tested positive for marijuana after involuntarily submitting to a random drug test administered at the Jefferson Downs Race Track.
Colson filed a timely Petition for Judicial Review of the Commission’s decision pursuant to La.R.S. 49:964(B) and La.R.S. 4:145.1. *681 After reviewing the record, memoranda and the oral arguments of the parties, the district court reversed the order of the Commission and remanded the matter for a hearing that properly complied with the notice requirements of the Louisiana Administrative Procedure Act. The Commission appeals that ruling.
The notice requirements of the Administrative Procedure Act are set forth in La.R.S. 49:955. The pertinent provisions provide:
A. In an adjudication, all parties who do not waive their rights shall be afforded an opportunity for hearing after reasonable notice.
C. Opportunity shall be afforded all parties to respond and present evidence on all issues of fact involved and argument on all issues of law and policy involved and to conduct such cross-examination as may be required for a full and true disclosure of the facts.
Section B of La.R.S. 49:955 designates the provisions which are to be included in the notice.[1]
The appellee was ordered to appear at a hearing before the Commission on December 13, 1990 because his violation had been referred to them by the track stewards. An administrative subpoena was sent to the ap-pellee’s address by certified mail, return receipt requested, on November 28,1990. The record indicates that this document was returned to the Commission marked “Unclaimed” on January 14,1991 which was after the hearing date.
When jockeys complete their license applications, they are required to stipulate that any notice, correspondence or papers of any nature from the Commission will be sent to a mailing address which is included in the licensing documents. The jockey also agrees to report any change of address to the Commission. Colson furnished “402 Jeff Davis, Waveland, MS 39576” as his official address on his license application.
The issue on appeal is whether this license stipulation constituted a waiver of the notice requirements under the Administrative Procedure Act.
Underlying the notice requirements are the due process provisions of both the state and federal constitutions. As the Louisiana Supreme Court in Bailey v. Cajun Insulation, 453 So.2d 237 (La.1984) reasoned:
... Due process requires “at a minimum ... that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case”. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).
Under the Mullane standard the interests of the state are balanced against those of the individual in determining the adequacy of the notice. In administrative proceedings which are accorded some finality, as in this case where suspension of a racing license is at stake, due process requires that the notice be “reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” Id., at 339 U.S. 306, 314, 70 S.Ct. 652, 657.
According to Buras v. Board of Trustees of Police Pension Fund of City of New Orleans, 430 So.2d 237 (La.App. 4th Cir.1983), the notice requirement in administrative proceedings is not as exacting as that in judicial proceedings. However the notice must be reasonable under the circumstances and it serves the primary function of allowing the plaintiff the opportunity to prepare for the hearing.
*682 There is evidence in the record that Colson never had actual notice of the suspension hearing. He has never been given the opportunity to present his case or to refute the charges before the Commission. The consequences of this basic denial of due process are enormous. He is facing the loss of his livelihood for 15 years. The suspension was conducted by a default procedure without ascertaining whether Colson had ever received the subpoena sent by certified mail. There is no evidence in the record that any attempts were made to notify Colson by any other process.
Under these circumstances, the trial judge did not abuse his discretion in ruling that the appellee must be provided with the minimal due process requirements of the Louisiana Administrative Procedure Act before losing the license which was vital to his livelihood.
For the foregoing reasons the judgment of the district court is affirmed.
AFFIRMED.

. La.R.S. 49:955(B). The notice shall include:
(1) A statement of the time, place, and nature of the hearing;
(2) A statement of the legal authority and jurisdiction under which the hearing is to be held;
(3) A reference to the particular sections of the statutes and rules involved;
(4)A short and plain statement of the matters asserted.
If the agency or other party is unable to state the matters in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved. Thereafter, upon application, a more definite and detailed statement shall be furnished.