BARNETTE, Judge.
Plaintiff, Iona Veal, brought suit against defendant, Preferred Thrift and Loan of New Orleans, Inc., individually and on behalf of all others similarly situated, seeking recovery of $60,000 as refund for “late charges” allegedly illegally charged by defendant. Defendant filed exceptions of no right of action and no cause of action against the class action filed by plaintiff and exceptions of no cause of action and vagueness against plaintiff’s individual suit.
A hearing was held on the exceptions, and judgment was rendered sustaining the exceptions of no cause of action and no right of action and dismissing both the class action and plaintiff’s individual suit. From this judgment plaintiff has appealed.
Paragraphs I through IX of plaintiff’s petition read:
“I.
Preferred Thrift and Loan of New Orleans, Inc,, a corporation organized under the laws of Louisiana and domiciled in the Parish of Orleans, is indebted to petitioner and all persons similarly situated in the sum of sixty thousand dollars (60,000.00), with legal interest from date of judicial demand, for this.
II.
Petitioner on October 1, 1968 signed what is known in the jurisprudence of the State of Louisiana as a discounted note with Preferred Loan of New Orleans, Inc. for the sum of $2,052.00.
III.
In this discounted note and all others like them, Thrift and Loan of New Orleans, Inc. has drawn up notes for the amount of cash loaned plus interest and whatever ‘.other charges’ he chooses to add to the notes.
IV.
In the jurisprudence of this state, defendant is not considered as charging interest but is charging discount and there is no ceiling on the amount of discount charged.
V.
However, on this discounted note and other discounted notes, petitioner and others in the same class have been charged extension fees or late charges by the defendant.
VI.
Petitioner and all others of the same class allege that these charges are of such amount and nature as to be contra to the laws of the State of Louisiana on such discounted notes.
*230 VII.
Petitioner and all others similarly situated, who have been charged with such ‘late charges’ or ‘extension fees’ on discounted notes at any time by defendant, seek a declaratory judgment, ascertaining a declaration of their rights in this matter.
VIII.
Petitioner, and others like her of the same class, allege that defendant is indebted to refund such late charges or extension fees contra to the jurisprudence of Louisiana, on discounted notes, in the amount of sixty thousand dollars ($60,000.00).
IX.
Petitioner also alleges that defendant pay a reasonable amount of attorney fees in this matter to be computed by this Honorable Court.” (Emphasis in the original.)
Plaintiff concludes her petition with a prayer that she and all others similarly situated be granted a judgment against defendant compelling defendant to reimburse late charge or extension fees which have been charged in the sum of $60,000.
The exceptions of no right of action and no cause of action filed by defendant are:
“I.
Plaintiff, Iona Veal has no right or cause of action to file a class action on behalf of all persons allegedly similarly situated, for the reason that she alone and by herself and withqut having joined others as parties plaintiff is unrepresentative of the alleged class.
II.
Plaintiff has failed to state a cause of action on her own behalf because her petition fails to allege the grounds upon which her individual claim and the total amount of Sixty Thousand and No/100 ($60,000.00) Dollars claimed is based.
III.
Plaintiff’s petition is vague, especially as regards Paragraphs V and VI which fail to state the amounts involved and the specific laws of Louisiana which have been allegedly contravened.”
As stated above, the trial court sustained defendant’s exceptions, dismissing all demands of plaintiff.
We will consider first the question of whether or not plaintiff may maintain a class action.
In Caswell v. Reserve National Insurance Company, La.App., 234 So.2d 250, we have discussed the application of LSA-C.C.P. arts. 591 and 592 which provide for class actions on a restricted basis in Louisiana. We concluded in that case that the attempted procedure did not meet the test of a true class action. For the reasons there given we must reach the same conclusion in this case. To avoid needless duplication of opinions, we adopt the opinion in the Caswell case insofar as it is relevant and particularly insofar as it discusses the procedure by class action under LSA-C.C.P. arts. 591 and 592.
There may be, and indeed there quite probably are, other persons who have been or may be subjected by this defendant to “late charges” or “extension fees” of which plaintiff Veal complains, but we cannot conceive of any judgment which might be rendered in this case which would be conclusive of the rights of such persons. As in Caswell, this suit may be an invitation to other persons similarly situated to join the action, each on an individual basis for the adjudication of such “several” right as each may have against the common defendant. Only such parties as actually join the action will be concluded, and failure or success of the action will *231 not affect the rights of any party not joined. A decision of the question of law common to all persons who have borrowed money from this defendant or any other lending agency which imposes late charges or extension fees, will, at most, have only such effect as that usually given to judicial precedent.
We turn now to a consideration of the appeal as it relates to the judgment in respect to dismissal of plaintiff’s suit in her individual capacity.
The plaintiff’s petition fails to state the amount of her personal demand or with sufficient particularity the basis of her claim. The objections pleaded by defendant’s exception in articles II and III (see supra) are well founded; however, the objections may be removed by amendment and the plaintiff should be permitted to do so. A dismissal of plaintiff’s suit without affording an opportunity to amend does not serve the ends of justice. LSA-C.C.P. art. 934.
The judgment appealed insofar as it maintains the exception of no right or cause of action and dismisses the suit as a class action on behalf of all persons similarly situated is affirmed. The judgment insofar as it maintains the exceptions to plaintiff’s suit in her individual capacity and dismisses same is amended and affirmed only to the extent that it sustains the exceptions, but is annulled to the extent that it dismisses plaintiff’s suit. It is further ordered and decreed that the case be remanded with leave to plaintiff to amend her petition within a delay to be fixed by the trial court in accordance with the provisions of LSA-C.C.P. art. 934, and for further proceedings according to law. All costs shall be ássessed in accordance with final judgment to be rendered.
Affirmed in part; amended and affirmed in part; and remanded.