468 So.2d 1250 (1985)
George C. BERGERON and Catherine Bergeron, Individually and on Behalf of All Others Similarly Situated
v.
AVCO FINANCIAL SERVICES OF N.O. Chef Menteur and/or Avco Financial Services of Louisiana, Inc. and/or Its Parent Now Unknown and Therefore Unnamed.
No. CA-2742.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1985.
Rehearing Denied May 29, 1985.
*1251 Patrick D. Breeden, New Orleans, for plaintiffs-appellants, George C. Bergeron, et. al.
Herschel C. Adcock, Baton Rouge, for defendant-appellee, Avco Financial Services of New Orleans.
Before BARRY, WARD and BYRNES, JJ.
WARD, Judge.
Mr. and Mrs. George C. Bergeron filed this suit to recover the interest and late charges paid on loans to Avco Financial Services and its affiliates. The Bergeron's loan was secured by a note which capitalized the interest by incorporating it in the face amount of the note. The Bergerons allege they were charged for late payments which made the interest usurious. More importantly, the Bergerons contend they have a right to bring suit as representatives of a class of all others similarly situated to recover all interest and late charges paid to Avco.
To prove they had a right to a class action, the Bergerons filed extensive interrogatories seeking from the defendant the names and addresses of Avco's customers who had borrowed money within the two year prescriptive period of La.C.C. art. 2924, subd. C(2).[1] In addition, the interrogatories asked for disclosure of the date, principal, interest, late charges, and rebates for each loan. When Avco did not answer the interrogatories, the Bergerons filed a motion to compel discovery. After a hearing, the Trial Judge granted discovery, but limited it to the Bergeron's loan, denying discovery as to all other Avco customers.
Avco filed peremptory exceptions of no cause and no right of action, challenging the class action. A hearing was held on the peremptory exceptions, and because the Bergerons could prove neither existence of a class nor the common character of the right sought to be enforced, the Trial Judge sustained the exceptions and dismissed the class action.
The Bergeron's suit for their own claims continued to trial on the merits, and on May 14, 1984, the Trial Judge entered judgment in favor of the Bergerons and against Avco, permitting the Bergerons to recover the discounted interest and all late charges with judicial interest from the date of demand. Avco did not appeal. The Bergerons have appealed, but only on the question of whether this case was appropriate for a class action. They contend the Trial Judge erred when he did not compel answers to their interrogatories that would provide information *1252 as to other customers of Avco, because the information, if revealed, would prove the existence of a class that the Bergerons could adequately represent.
Generally, a class action may be maintained if joinder is impractical; there is an adequate representative of the class before the court; and the character of the right sought to be enforced is common to all members of the class. La.C.C.P. arts. 591, 592. This circuit has held that the right is not common unless the parties are indispensable or at least necessary parties under La.C.C.P. Articles 641 and 642. Caswell v. Reserve National Insurance Co., 234 So.2d 250 (La.App. 4th Cir.1970).
In a case remarkably similar to the Bergeron's suit, this court expressly rejected the use of the class action by a borrower against a lending institution to recover interest and late charges. Veal v. Preferred Thrift and Loan of New Orleans, Inc., 234 So.2d 228 (La.App. 4th Cir.1970). In Veal, the test of Caswell, was used to hold that the commonality concept in the class action was limited by the joinder concepts of indispensable and necessary parties.
In Stevens v. Board of Trustees of the Police Pension Fund of the City of Shreveport, 295 So.2d 36 (La.App. 2d Cir. 1974), the Second Circuit adopted the Fourth Circuit's view. However, the Louisiana Supreme Court reversed, holding that the character of the right sought to be enforced is common when there is a "common-based right" and the Trial Judge determines that a class action would clearly be more useful than other available procedures for the litigation of the claims. Stevens v. Board of Trustees of the Police Pension Fund of the City of Shreveport, 309 So.2d 144 (La.1975).
In rejecting the Caswell and Veal test, Justice Tate, in Stevens, said:
Although the result may (or may not) have been correct under the facts of each particular case, the test adopted by these decisions negates the availability of the class action in all cases except where indispensable (or perhaps necessary) parties are too numerous to be joined. For reasons to be stated, in our view this stringent test was not intended by the legislature. 309 So.2d at 147.
Thus, although the Supreme Court rejected the Veal test, it did not overrule Veal, nor did it say that a class action was or was not warranted under the facts of Veal. Hence, the Veal case is not controlling one way or the other, only the Code of Civil Procedure and Stevens are applicable in this case. The Code of Civil Procedure Articles 591 and 592 in pertinent parts, say:
Art. 591. Prerequisites
A class action may be instituted when the persons constituting the class are so numerous as to make it impracticable for all of them to join or be joined as parties, and the character of the right sought to be enforced for or against the members of the class is:
(1) Common to all members of the class ...
* * * * * *
Art. 592. Representation
One or more members of a class, who will fairly insure the adequate representation of all members, may sue or be sued in a class action on behalf of all members.
The Louisiana Supreme Court decision in Stevens, was discussed by Professor Frank L. Maraist in 39 La.L.Rev. 903, 907 (1978-1979).
* * * * * *
The opinion indicates that a "common-based right" will exist when the claims of the members of the class share a common question of law or fact. If they do, Justice Tate writes, then the court should determine whether the maintenance of the action would promote judicial efficiency, provide fairness to the parties, or foster some substantive state policy. Among the facts relevant to the policy decision are the size of the individual claims, the interest of the members in prosecuting separate suits, and the probable precedential effect of separate decisions upon the remaining claims....

*1253 [The opinion] reflects two desirable trends in judicial thinking: a continued move toward the functionaland away from the conceptualapproach in deciding procedural devices, and a recognition that since the federal class action is practically unavailable for the enforcement of state-created rights, a broad state class action is desirable.
This, we believe, is a well-stated analysis.
Additionally, however, the Stevens case implies that the Trial Judge has great discretion to decide whether the suit should be certified as a class action. This is so because, if the decision to certify or not requires consideration of policy matters in addition to the existence of a common question of law or fact, wide latitude must be given to the Trial Judge who considers those matters. Moreover, in reaching its decision in Stevens, the Supreme Court relied greatly on federal law. We have no reason to believe that the discretion given to United States District Judges to certify a class or not is not also given to District Judges of Louisiana. The Louisiana Supreme Court expressly referred to that discretion in Stevens, supra, at 150:
The thrust of the 1966 revision of the federal class action was to recognize the difficulty of applying a conceptual test to a problem which demands a pragmatic approach. In essence, the federal rule makers have left much discretion to the trial judge in ascertaining whether a class action should be maintained, but they have given the judge a number of guidelines to aid him in determining how the discretion should be exercised.
Turning now to the Bergeron's suit, the question, we believe, is whether the Trial Judge abused his discretion when he refused to certify a class action. Although the Trial Court refused to permit discovery through interrogatories, it gave no reasons. The interrogatories are broad, indeed, and the Trial Court may have denied discovery because of this; but, for the purpose of this opinion, we assume the Court refused to allow discovery because it believed this should not be a class action. In support of the Trial Court, Avco strenuously argues that the factual situations surrounding loans to its many customers are too varied to permit a class action: not all loans are discounted loans; some were less than $300.00 and made pursuant to the then existing Small Loan Law; and, Avco further argues, even if some of the loans are factually similar to the Bergerons', the recovery would be different because of different rates and charges.
We reject those arguments. We believe Stevens means that a "common based right" exists when the class shares a common question of law or fact, not that the facts must be identical. Moreover, even though different recoveries may be sought because of different facts, this alone would not justify denial of a class certification when there are factually similar financial transactions and a common question of lawusury. However, even though we believe there exists a common based right, this does not end the inquiry, nor does it mean a class should have been certified. Other questions remain.
First, we are not at all sure that efficiency, a policy factor to be considered, warrants certification. There is no evidence of other suits against Avco of a similar nature; a multitude of suits cannot be reasonably anticipated in this instance. And the basic goals or aims of class actions, as of other procedural devices, are to "implement the substantive law, and to implement that law in a manner which will provide maximum fairness to all parties with a minimum expenditure of judicial effort." Stevens, supra, at 151. Judicial efficiency means consideration of the existence of, or likelihood or improbability of, future similar suitsa judgment decision which the Trial Court is best able to make. In the instant case we cannot say a class certification would result in judicial efficiency because we do not believe numerous suits can reasonably be anticipated, for reasons to be next discussed.
We are more concerned with a peculiar characteristic we believe is shared by the *1254 majority of members of the alleged class; that characteristic is the borrower's desire that financial transactions remain confidential. People have an expectation of privacy as to their finances in general, to their incomes, expenditures, and most of all, to their loans. The Bergerons decided to forego privacy and file suit, but we are not at all certain other customers of Avco would make the same decision. As a matter of fact, no other suits have been filed. To certify this as a class action and to permit the broad discovery sought by the Bergerons is to make public that which other customers of Avco more than likely believed would remain confidential: their loan, the amount of the loan, the interest charges, even their delinquent payments, and perhaps more. Most people do not want these matters placed in the public view.
This peculiar characteristic distinguishes this alleged class from others such as policemen, firemen, school teachers, union members, and public employees, classes that readily come to mind whose members would not object to disclosure of their membership.
People expect privacy in financial matters, and because of this peculiar characteristic, we believe a strong public policy factorthe right to privacywould support a decision not to certify the class. Hence, we conclude that the Trial Court did not abuse its discretion when it denied discovery and certification.
On the surface this decision may appear to insulate financial institutions from class actions. However, we believe other means are available to establish a class action, including, but not limited to, discreet advertisement, which may produce members of the class who wish to forego confidentiality and join the suit.
Affirmed. All costs of appeal to be paid by Mr. and Mrs. George C. Bergeron.

On Application for Rehearing
WARD, Judge, denies rehearing with reasons.
In an application for rehearing, counsel for Mr. and Mrs. Bergeron urges that we reconsider our suggestion that members of a potential class may be produced by discreet advertisement since attorney advertising possibly violates the Code of Professional Responsibility and other rules. We are aware of the ethical prohibitions and of the recent trends in attorney advertising. We did not intend by our suggestion to enter the fray in that area, much less to "change the rule" as the Bergerons' counsel suggests. Our comment was merely an illustration of the several means by which resourceful parties might determine members of a class. Perhaps even more appropriate is permitting discovery under protective order or requiring defendant to mail notices to potential class members.
NOTES
[1] Except in cases herein provided, if any person shall pay on any contract a higher rate of interest than the above, as discount or otherwise, the same may be sued for and recovered within two years from the time of such payment.