510 So.2d 78 (1987)
TERREBONNE BANK & TRUST COMPANY
v.
Michael J. LACOMBE, et al.
No. CA 86 0867.
Court of Appeal of Louisiana, First Circuit.
June 23, 1987.
*79 David J. Norman, III, Houma, for plaintiff-appellee Terrebonne Bank & Trust Co.
Christopher M. Smith of Cheramie & Smith, Cut Off, Patrick Breeden, New Orleans, for defendant-appellant Michael J. Lacombe, d/b/a MJL Services.
Louis J. St. Martin, Houma, for defendant-in-reconvention-appellee L.J. Naquin, d/b/a N & N Auto Sales.
Before EDWARDS, WATKINS and LeBLANC, JJ.
LeBLANC, Judge.
This is an appeal by Michael J. Lacombe d/b/a M J L Services from a judgment denying a class action status to his claim against N & N Auto Sales and Terrebonne Bank & Trust Company. For the following reasons, we affirm.

FACTS:
On March 18, 1981, Michael J. Lacombe, d/b/a M J L Services, (Lacombe) purchased a used Chevrolet pickup truck from L.J. Naquin, d/b/a N & N Auto Sales (N & N). Lacombe and N & N executed a sale and chattel mortgage and a promissory note. The schedule of payments provided for thirty-six monthly installments of $202.13, with a total finance charge of $1,911.57. The mortgage and note were immediately assigned to Terrebonne Bank & Trust Company (Terrebonne).
Lacombe paid the first two installments on the note, but subsequently failed to make the remaining payments as provided in the mortgage and note. As a result, Terrebonne had the vehicle seized and sold under executory process. The sale of the vehicle did not yield an amount sufficient to satisfy the remaining indebtedness, and Terrebonne instituted a suit for deficiency judgment.
In response to Terrebonne's suit for deficiency judgment, Lacombe filed a reconventional demand against Terrebonne and a third party demand against N & N, alleging certain violations of the Motor Vehicle Sales Finance Act, as set forth in LSA-R.S. 6:951 et seq. Specifically, Lacombe contended the print size in the mortgage contract was smaller than required under the Motor Vehicle Sales Finance Act. Lacombe later amended his pleadings to assert a class action against Terrebonne and *80 N & N based upon the violation of LSA-R.S. 6:951 et seq.
Thereafter, N & N filed an "exception of no right or cause of action" contending that a class action was not available to Lacombe. Terrebonne moved for summary judgment, alleging that Terrebonne had no knowledge of any violation of the Act committed by N & N, that Terrebonne would have declined to purchase the mortgage and note if it had known of the alleged violations, and that Terrebonne is not a seller of motor vehicles. Terrebonne later filed an exception of no cause of action, alleging that financial institutions are not required to comply with the provisions of the Act. Lacombe also filed a rule to compel Terrebonne to answer interrogatories and requests for production. Prior to a ruling by the trial court on the exceptions, motion, and rule, Terrebonne voluntarily dismissed with prejudice the suit for deficiency judgment.
The trial court, after a hearing on the exceptions, motion, and rule, rendered judgment dismissing all reconventional and third party demands of Lacombe against Terrebonne and N & N.
From that judgment, Michael Lacombe appealed urging five assignments of error which were heard by this court in Terrebonne Bank & Trust Co. v. Lacombe, 464 So.2d 753 (La.App. 1st Cir.1984). Under assignment of error number 4, Lacombe contended the trial court erred in dismissing the class action because the dismissal was based upon an erroneous rule of law. In the 1984 Lacombe decision, we found that in refusing to certify the class, the trial court applied the test enunciated in Caswell v. Reserve Nat'l Ins. Co., 234 So.2d 250 (La.App. 4th Cir.), writ refused, 256 La. 364, 236 So.2d 499 (1970). We found that in Stevens v. Board of Trustees of Police Pension Fund, 309 So.2d 144 (La.1975), the Caswell test was rejected by the Supreme Court as being too stringent. In light of Stevens, supra, and McCastle v. Rollins Environmental Serv., 456 So.2d 612 (La.1984), we remanded the case with instructions to the trial court to reconsider Lacombe's claim for a class action against Terrebonne Bank & Trust Company in accordance with the guidelines for class action certification as propounded by the Supreme Court in McCastle.
On remand, the trial court upheld a peremptory exception filed by Terrebonne Bank & Trust Company to the request filed by Michael Lacombe for certification of a class action.
From this judgment, Lacombe appeals urging one assignment of error.

Assignment of Error:
Lacombe contends the trial court erred in denying the request for certification of a class action by failing to consider the factors enumerated in Rule 23 of the Federal Rules of Civil Procedure and in the McCastle decision.
It should first be noted that the trial court has great discretion to decide whether the suit should be certified as a class action. This is so because if the decision to certify or not requires consideration of policy matters in addition to the existence of a common question of law or fact, wide latitude must be given to the trial judge who considers those matters. Bergeron v. Avco Financial Serv. of N.O., 468 So.2d 1250 (La.App. 4th Cir.), cert. denied, 474 So.2d 1308 (La.1985). Therefore, we must affirm the trial court's decision unless we find it committed manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
La. Code Civ.P. arts. 591(1) and 592 establish the basic requirements for a class action:
1. A class so numerous that joinder is impracticable.
2. The joinder as parties to the suit one or more persons who are
(a) members of the class and
(b) So situated as to provide adequate representation for absent members of the class and
3. A "common character" among the rights of the representatives of the class and the absent members of the class.
See State ex rel Guste v. General Motors Corp., 370 So.2d 477 (La.1978) (on rehearing); Williams v. State, 350 So.2d *81 131 (La.1977); Stevens v. Board of Trustees, 309 So.2d 144 (La.1975).
The requirement of a "common character" restricts the class action to those cases in which it would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. McCastle, supra, at 616.
According to the McCastle decision, if the superiority of a class action is disputed, the trial court must inquire into the aspects of the case and decide whether the intertwined goals of effectuating substantive law, judicial efficiency, and individual fairness would be better served by some other procedural device. Federal Rule 23(b) provides a test of some of the factors the trial court should consider in deciding to certify a class action:
(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
(1) the prosecution of separate action by or against individual members of the class would create a risk of
(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole, or (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of the members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in their particular forum; (D) the difficulties likely to be encountered in the management of a class action.
After identifying the listed factors and any relevant unlisted ones that may be present in the case, the trial court must evaluate, quantify and weigh them to determine to what extent the class action would in each instance promote or detract from the goals of effectuating substantive law, judicial efficiency and individual fairness. McCastle, supra, at pg. 618.
In evaluating the present case under the goal of effectuating substantive law, the trial court found that the policy behind LSA-R.S. 6:956 requirement that the print size of a mortgage contract be of a certain size was to protect the public from fraud and misrepresentation. According to the trial court, the undersized print had not harbored any fraud or misrepresentation against Lacombe or borrowers similarly situated.
In Bergeron, supra, the plaintiffs filed suit to recover the interest and late charges paid on loans to Avco Financial Service and its affiliates. The plaintiffs contended they had a right to bring suit as representatives of a class of all others similarly situated to recover all interest and late charges paid to Avco. In denying the request to certify the suit as a class action, the court was concerned with the borrowers' desire that financial transactions remain confidential. According to the Bergeron decision, people expect privacy in financial matters, and because of this peculiar characteristic, the court believed that a strong public policy factorthe right to privacywould support a decision not to certify the class.
*82 Apparently, the trial court in this case was also concerned with the privacy of other individuals who contracted with Terrebonne Bank by using the Form TBT-2. In addition, the trial court found that the technical statutory notations of the print size should not be grounds for a "class action". See Watkins v. Simmons and Clark Inc., 618 F.2d 398 (1980).
After reading the record, it is apparent to this Court that there is nothing in the record to suggest that there is a likelihood of injustice if potential claimants under the Form TBT-2 institute their own actions to recover any finance charges, delinquency or collections charges paid by them for the alleged violation by Terrebonne Bank of LSA-R.S. 6:956. The law provides a penalty for such violations which is clear and does not require the use of class actions to effectuate its purpose.
Accordingly, we affirm the trial court's judgment that sustained the defendants' peremptory exception of improper use of a class action. Appellants are assessed the cost of this appeal.
AFFIRMED.